**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FREEDOM NETWORK USA,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT DONALD J. TRUMP, OFFICE OF MANAGEMENT AND BUDGET, DIRECTOR OF THE OFFICE OF MANAGEMENT AND BUDGET RUSSELL VOUGHT, U.S. DEPARTMENT OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, OFFICE FOR VICTIMS OF CRIME, ATTORNEY GENERAL OF THE U.S. DEPARTMENT OF JUSTICE PAMELA BONDI,<br><br>Defendants. | Case No. 1:25-cv-12419<br><br>Judge: Hon. Matthew F. Kennelly |

**PRELIMINARY INJUNCTION ORDER**

This matter comes before the Court on the motion by Plaintiff Freedom Network USA (Freedom Network) for a preliminary injunction. The Court GRANTS Freedom Network's motion for the following reasons:

1. Freedom Network has established that it likely has standing to challenge the termination provision, § 2(b)(i) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025) (J20 termination provision), and the certification provision, § 3(b)(iv) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025) (J21 certification provision).

2. Freedom Network has established that it likely has standing to challenge the inclusion of the certification condition, discrimination condition, and immigration enforcement condition (New Funding Conditions) in the Services for Victims of Human Trafficking Notice of Funding Opportunity (NOFO) issued on December 30, 2025.

3. The claims on which Freedom Network has established standing are ripe for review.

4. Freedom Network has shown that it is likely to succeed on the merits of its First Amendment, separation of powers, and Spending Clause claims challenging the J21 certification provision.

5. Freedom Network has shown that it is likely to succeed on the merits of its separation of powers and Spending Clause claims challenging the J20 termination provision.

6. Freedom Network has shown that it is likely to succeed on the merits of its separation of powers, Spending Clause, and APA claims challenging the New Funding Conditions.

7. Freedom Network has shown that it will likely suffer irreparable harm from enforcement of the J21 certification provision, the J20 termination provision, and the New Funding Conditions.

8. The balance of harms and public interest favors Freedom Network because the public interest is not harmed by preliminarily enjoining the J21 certification provision, the J20 termination provision, and the New Funding Conditions, which are likely unconstitutional and contrary to law, and because the government can still enforce existing anti-discrimination laws.

Therefore, upon consideration of Freedom Network's amended motion for preliminary injunction and the parties' briefs and exhibits, it is hereby:

**ORDERED** that the motion for preliminary injunction is **GRANTED** to the extent stated in this Order; and it is further

**ORDERED** that, the Attorney General; the U.S. Department of Justice; its officers, agents, servants, employees, attorneys; the Office of Management and Budget; and other persons

who are in active concert or participation with any of them (collectively, the Enjoined Parties), shall not pause, freeze, impede, block, cancel, or terminate or change the terms of any grants awarded pursuant to the Trafficking Victims Protection Act (TVPA) and all subsequent reauthorizations of the TVPA, on the basis of the J20 termination provision, § 2(b)(i) of Executive Order 14151, 90 Fed. Reg. 8339 (Jan. 20, 2025); and it is further

**ORDERED** that, the Enjoined Parties shall not require any grantee or contractor to make any "certification" or other representation pursuant to the J21 certification provision, § 3(b)(iv) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025); and it is further

**ORDERED** that the Government shall not initiate any False Claims Act enforcement action against Freedom Network pursuant to the J21 certification provision, § 3(b)(iv) of Executive Order 14173, 90 Fed. Reg. 8633 (Jan. 21, 2025); and it is further

**ORDERED** that the New Funding Conditions in the Services for Victims of Human Trafficking NOFO are stayed and cannot be used to evaluate grant applications under that NOFO or to require applicants for grants under that NOFO to certify their compliance with the New Funding Conditions; and it is further

**ORDERED** that the Department of Justice shall provide a copy of this Order to all agency and bureau heads, and all relevant parties; and it is further

**ORDERED** that the Department of Justice file a status report within 24 hours of the issuance of this order, and every fourteen days thereafter while this Order is in effect, confirming compliance with this Order.

This Order shall apply to the maximum extent provided for by Fed. R. Civ. P. 65(d)(2) and shall persist until further order of this Court.

SO ORDERED this 23rd day of March, 2026.

HON. MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE