UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREEDOM NETWORK USA, *et al.*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>PRESIDENT DONALD J. TRUMP,<br>OFFICE OF MANAGEMENT AND<br>BUDGET, DIRECTOR OF THE OFFICE<br>OF MANAGEMENT AND BUDGET<br>RUSSELL VOUGHT, U.S. DEPARTMENT<br>OF JUSTICE PROGRAMS, OFFICE FOR<br>VICTIMS OF CRIME, ATTORNEY<br>GENERAL OF THE U.S. DEPARTMENT<br>OF JUSTICE PAMELA BONDI,<br><br>                              Defendants. | No. 25 C 12419<br><br>Judge Kennelly |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND PRELIMINARY INJUNCTION**

Defendants, through undersigned counsel, oppose plaintiffs' motion to amend preliminary injunction, and in support, state as follows:

1.      Plaintiff Freedom Network filed this lawsuit challenging, among other things, three new provisions that DOJ's Office for Victims of Crime ("OVC") included in seven FY2025 Notices of Funding Opportunities (NOFOs), authorized under the Trafficking Victims Protection Act, 22 U.S.C. § 7105(b)(2) ("TVPA"). Dkt. 69. These three provisions include the NOFO certification provision, NOFO discrimination provision, and NOFO immigration enforcement provision (collectively, "New Funding Provisions").

2.      On March 23, 2026, the court entered an order granting preliminary injunction, prohibiting the incorporation or enforcement of the New Funding Provisions for the one NOFO Freedom expected to apply for — the Services for Victims of Human Trafficking NOFO (Services for VHT"). Dkt, 89, 90. However, Freedom did not end up applying for this or any of the other six NOFOs. Dkt. 92.

3.      In order to cure potential standing deficiencies, Freedom amended the complaint, adding additional plaintiffs Life-Span, Young Women's Christian Association Kalamazoo ("YWCA Kalamazoo"), and Worker Justice Center of New York ("WJCNY") (collectively, "New Plaintiffs"). Dkt. 103. New Plaintiffs allege that they applied for one or more of the TVPA grants in reliance on the court's order enjoining the New Funding Provisions. Dkt. 101 at p. 2. All New Plaintiffs applied for the Services for VHT grant, and YWCA Kalamazoo also applied for the Housing Assistance for Victims of Human Trafficking grant ("Housing for VHT"). *Id.* at p. 1.

4.      New plaintiffs now seek to modify the preliminary injunction order related to the New Funding Provisions ("PI Order"), either (1) by extending it to all seven 2025 NOFOs authorized under the TVPA, or at least, (2) by applying it to the two NOFOs for which one or more plaintiffs applied, including the Services for VHT and the Housing for VHT. Dkt. 101.

5.      Defendants object on two grounds. First, the court should deny New Plaintiffs' request to extend the PI Order to all seven NOFOs for the same reason it previously rejected Freedom's identical request. As this court recognized in limiting the scope of the PI Order to only the Services for VHT NOFO, Freedom's potential harm flowing from the inclusion of the New Funding Provisions into the other six NOFO's for which Freedom will not apply is too speculative to support Freedom's standing to challenge these other NOFOs. Dkt. 90 at p. 18-19. Accordingly, plaintiffs' request to extend the PI Order to NOFOs they did not apply for should likewise be rejected.

6.      Second, defendants object to extending the PI to the Housing for VHT NOFO.[1] As an initial matter, YWCA Kalamazoo did not apply for this grant in reliance on the court's PI Order, since that order did not cover the Housing for VHT NOFO. Knowing this, YWCA Kalamazoo freely chose to apply for the Housing for VHT grant and thus does not face the dilemma of tailoring its NOFO submission as described by the court. Dkt. 90 at p. 18. In any event, defendants oppose

---

[1] Defendants do not object to continuing to apply the PI Order to the Services for VHT NOFO, as New Plaintiffs appear to satisfy standing requirements for this NOFO.

2

this request to extend the PI to the Housing for VHT NOFO and rely on the same arguments set forth in defendants' memorandum in opposition to plaintiff's motion for a preliminary injunction. Dkt. 80.

WHEREFORE, defendants request the court deny plaintiffs' motion to amend preliminary injunction.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Patrick Johnson
PATRICK JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov